# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

ROBERT S. BOYD and DACE C. BOYD,

           Debtors.

Case No. A05-00725-DMD
Chapter 12

**Filed On
2/24/06**

## MEMORANDUM REGARDING CONFIRMATION

There are a number of problem areas with the current Chapter 12 plan that need to be addressed prior to confirmation.  Here are some of the problems as I view them:

1.   Payments for per diem interest to Farm Service Agency (FSA) are inadequate because the debtors have failed to allow for the Chapter 12 trustee's fees and costs;

2.  FSA and the State of Alaska, Department of Natural Resources, Board of Agriculture and Conservation (ARLF) are impaired creditors under the plan.  Payments to impaired creditors must be made through a Chapter 12 trustee and not directly by the debtors[1];

3.   There has been no analysis of the tax consequences of the proposed liquidating plan;

---

[1]*Fulkrod v. Savage (In re Fulkrod)*, 973 F.2d 801 (9th Cir. 1992).

4.  There has been no projection of income and expenses prepared by the debtors indicating the feasibility of their liquidating plan or the viability of the debtors' farming operations;

5.  The debtors have not prepared a plan of liquidation that details which parcels will be liquidated and the order in which they will be liquidated.  With respect to the sale of each parcel to be liquidated, the debtors must state the offering price, the date by which it will be sold, and what will occur if it is not sold in a timely manner;

6.  The plan contains no standards for performance by the debtors other than interest payments to FSA.  A plan could provide, for example, for principal reductions of $250,000.00 per year for FSA for four years beginning no later than two years from confirmation.  A plan must have benchmarks to ensure the debtors' performance;

7.  The debtors must have a listing agreement with a court-approved real estate broker during the entire liquidating period of the plan;

8.  The plan must provide that all offers received by the debtors must be promptly communicated to the trustee and any lienholders.  No sale of property shall be completed without notice to the trustee and lienholders and court approval of each specific sale.  If the debtors seek a pro-rata distribution of sale proceeds among the secured creditors, they must be able to provide adequate protection to such creditors.

The court will schedule a continued confirmation hearing to discuss resolution of these issues with the debtor and creditors.

DATED: February 24, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:      G. Oczkus, Esq.
M. E. Beardsley, Esq.
R. Pomeroy, Esq.
L. Compton, Trustee
U. S. Trustee
2/24/06

3