# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

ROBERT S. BOYD and DACE C. BOYD,

        Debtors.

Case No. A05-00725-DMD
Chapter 12

**Filed On 2/25/09**

## MEMORANDUM REGARDING ATTORNEY'S FEES

The debtors filed their first Chapter 12 in 1993. The State of Alaska was a creditor. An amended plan was confirmed by this court on December 15, 1994. The confirmation order lifted the automatic stay as to the State's two loans. The parties agree that the State incurred reasonable attorney's fees of $12,500.00 in the course of the debtors' first chapter 12 case. The debtors defaulted on the two loans post-confirmation. The State filed a judicial foreclosure action. The debtors and the State entered into a detailed written settlement agreement. Under the agreement, the debtors were to deed a portion of their property to the State in full payment of one note. The debtors were to make payments on a second note. The agreement contained an intregration clause. It stated:

> 23. <u>Entire Agreement</u>. The Settlement Agreement supersedes any and all previous agreements between the parties and constitutes the entire understanding of the relationship between the parties. There are no agreements or understandings, whether oral or written, that in any way alter, modify, amend, or otherwise change the Settlement Agreement.

The settlement agreement provided that the Boyds were to pay $2,321.90 in foreclosure costs incurred by the State at closing. It had no provisions regarding payment of attorney's fees for the Chapter 12 proceeding.

The parties modified the settlement agreement through a written amendment dated June 27, 1996. The State agreed to capitalize the foreclosure costs and other charges amortized with the note. Again, there was no mention of Chapter 12 attorney's fees in the modification. No Chapter 12 attorney's fees were included in the note. Except for the modification, all of the terms of the original settlement agreement remained effective.

The debtors filed a second chapter 12 in 2005. The State's loan was not modified. The plan called for a sale of the State's collateral. The collateral has been sold and the State's note has been paid in full. An additional $12,500.00 in sale proceeds was escrowed to cover the State's claim for attorney's fees arising in the first Chapter 12 bankruptcy.

The State has presented no evidence that the debtors agreed to pay the State's Chapter 12 attorney's fees through a secured claim. If there were some kind of collateral argument to pay such fees, evidence of such an agreement would be inadmissable. The settlement agreement and the amendment to it were fully integrated agreements. The parol evidence rule does not allow the terms of fully integrated agreements to be varied by evidence of different terms.[1] The State does not have a secured claim for it's Chapter 12

---

[1] *Trainer v. Valdez Fisheries Development Association*, 75 P.3d 83, 86-87 (Alaska 2003); citing A.S. 45.02.202.

attorney's fees in the debtors' first case. The State's motion for an order approving attorney's fees must therefore be denied.

DATED: February 25, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    G. Oczkus, Esq.
V. Vitale, Esq.
M. E. Beardsley, Esq.
R. Pomeroy, Esq.
L. Compton, Trustee
U. S. Trustee

02/25/09

3